10-3492
Wu v. Holder

BIA
Vomacka, IJ
A097 519 821

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand twelve.

PRESENT:
DENNIS JACOBS,
*Chief Judge,*
JON O. NEWMAN,
PIERRE N. LEVAL,
*Circuit Judges.*

_____

FEI YUN WU,
*Petitioner,*

v.                                          10-3492
                                            NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Xin Miao, Flushing, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Jennifer Paisner Williams,
                       Senior Litigation Counsel; Colette

**J. Winston, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Fei Yun Wu seeks review of an August 9, 2010, decision of the BIA, affirming the March 2, 2009, decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fei Yun Wu*, No. A097 519 821 (B.I.A. Aug. 9, 2010), *aff'g* No. A097 519 821 (Immig. Ct. N.Y. City Mar. 2, 2009). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Therefore, because the BIA assumed Wu's credibility, we do not consider his challenges to the IJ's adverse credibility findings. *Id.* The applicable standards of review are well-established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

Wu, a native and citizen of the People's Republic of China, sought relief from removal based on his claim that he fears persecution because he has had more than one child in the United States, which they contend is in violation of China's population control program. For largely the same reasons as this Court set forth in *Jian Hui Shao*, 546 F.3d 138, we find no error in the agency's decisions. *See id.* at 158-72. While the petitioners in *Jian Hui Shao* were from Fujian Province, Wu is from Zhejiang Province. However, as with the evidence discussed in *Jian Hui Shao*, the evidence Wu submitted relating to Zhejiang Province is deficient either because it does not discuss forced sterilizations or because it references isolated incidents of persecution of individuals who are not similarly situated. *See id.* at 160-61, 171-72.

Furthermore, contrary to Wu's contention, the agency provided a separate analysis of his CAT claim, and did not err in summarily denying that claim insofar as it was based on the same factual predicate as his asylum and withholding of removal claims or insofar as it was based on his purported illegal departure from China. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that withholding of removal and CAT claims necessarily fail if

the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same); *see also Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005) (finding that a petitioner is not "entitled to CAT protection based solely on the fact that she is part of the large class of persons who have illegally departed China.").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Wu's motion for a stay of removal in connection with this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk